[Department Two. — September 8, 1883.]

## GEORGE K. FITCH, RESPONDENT, *v.* JOHN J. CORBETT ET AL., APPELLANTS.

FRAUDULENT CONVEYANCE — CREDITOR — NOTICE. — A conveyance made in fraud of a creditor is void.  A knowledge of the fraudulent conveyance by the creditor does not prevent him from attacking it upon the ground of fraud.

APPEAL from a judgment of the District Court of the Twenty-third Judicial District, and from an order refusing a new trial.

The court below found that the defendant John J. Corbett, being insolvent, conveyed the real property in question by a deed of gift to his wife, Margaret A. Corbett, a co-defendant; that the deed was made " with intent and for the purpose of hindering, delaying, and defrauding his creditors, and particularly the plaintiff's assignor, E. M. Heistand, and with the intent and for the purpose of hindering, delaying, and preventing the said E. M. Heistand, the plaintiff's assignor, from collecting the claim then existing " in her favor against Corbett.  It appeared that the indebtedness to plaintiff's assignor existed prior to the conveyance by Corbett to his wife, but the amount was not determined.  This was fixed by a settlement made after the convey-

ance.   Mrs. Heistand knew of the conveyance at the time of
the settlement.

*Henry E. Highton,* for Appellants, cited *Barker* v. *Koneman,*
13 Cal. 11; *Kohner* v. *Ashenauer,* 17 Cal. 582; *Peck* v. Brum-
magim,* 31 Cal. 446; *Dow* v. *Gould & Curry S. M. Co.* 31 Cal.
629; *Ingersoll* v. *Truebody,* 40 Cal. 603; *Woods* v. *Whitney,* 42
Cal. 361; *Higgins* v. *Higgins,* 46 Cal. 263; Civ. Code, § 158;
Civ. Code, § 3439; *Pell* v. *Tredwell,* 5 Wend. 661; *Wilbur* v.
*Fradenburgh,* 52 Barb. 480; *Van Wyck* v. *Seward,* 6 Paige,
66.

*Texas Angel, H. D. Tuttle,* and *J. C. Bates,* for Respondent,
cited Bump on Fraudulent Conveyances, 268; *Laughton* v.
*Harden,* 68 Me. 214; *Swartz* v. *Hazlett,* 8 Cal. 118; *Trimble* v.
*Ratcliff,* 9 Mon. B. 513; *Wise* v. *Moore,* 31 Geo. 149; *Free-
man* v. *Burnham,* 36 Conn. 473; *Craig* v. *Gamble,* 5 Fla. 430;
*Potter* v. *McDowell,* 31 Mo. 72; *Patten* v. *Casey,* 57 Mo. 119;
*Cole* v. *Tyler,* 65 N. Y. 73.

PER CURIAM. — This action was instituted to set aside a con-
veyance alleged to have been executed to hinder, delay, and
defraud creditors, and especially one E. M. Heistand, the
plaintiff's assignor, of her rights as creditor.   Actual fraud is
averred and found as a fact, and the finding is sustained by the
evidence.   It is argued that because Mrs. Heistand knew of the
fraudulent conveyance that neither she nor her assignor can
avoid it.   We cannot see that there is any reason in this posi-
tion, for if she was aware of the conveyance, and knew its
fraudulent character, it was still void, and she has done nothing
by which her right to proceed to annul it for fraud has been
waived or given up.   If she knew the character of the convey-
ance she knew that it was fraudulent, and by consequence void.
(*Carter* v. *Castleberry,* 5 Ala. (N. S.) 279.)   Nor did she waive
any right by settling with Corbett for seven thousand five hun-
dred dollars.   How the settlement of the 3d of July, 1878,
purged the fraud we cannot conceive.

The counsel for appellants is mistaken in viewing this case
as a mere voluntary conveyance to the wife without actual
fraud, and as only constructively fraudulent against existing

creditors.    It is, as we have said above, a case of actual fraud alleged, established, and found.

We have examined the errors of law assigned and find none of them maintainable.   .

Judgment and order affirmed.

Hearing in Bank denied.